UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
BARBARA MOLNAR,

                        Plaintiff,          Case No. 1:26-cv-05790-GHW

        -against-

VOX MEDIA, LLC and BINDU BANSINATH,

                      Defendants.
-------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY, FOR A TEMPORARY STAY, AND FOR AN EXTENSION OF TIME TO RESPOND TO THE COURT'S ORDER TO SHOW CAUSE**

### Introduction

Plaintiff Barbara Molnar, by her attorneys, Law Office of Richard A. Altman, submits this Memorandum of Law in response to the Court's July 9, 2026 Order to Show Cause. Plaintiff commenced this action on July 8, 2026, invoked 28 U.S.C. § 1332 as the basis of subject matter jurisdiction, alleged that Defendant Vox Media, LLC is an LLC, and alleged that the Plaintiff is a citizen of the State of Vermont, and that the citizenship of Vox's members as known at the time of filing was New York State and Washington, D.C., where it has principal places of business, and Delaware, where it is incorporated. The order directs Plaintiff to show cause by July 13, 2026 why the action should not be dismissed for lack of subject matter jurisdiction.

There are three arguments which Plaintiff would make against dismissal at this time. First, the allegations of citizenship are adequate at this time as a threshold matter, based upon public information, and if not, the Court can permit the complaint to be amended pursuant to 28 U.S.C. § 1653. The Supreme Court in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S. Ct. 2218,

104 L. Ed. 2d 893 (1989), and the Second Circuit in *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100 (2d Cir. 1997) said that § 1653 addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves. Thus, § 1653 would apply if a party were, in fact, domiciled in a diverse state but the complaint failed to so allege. It allows Courts to remedy inadequate jurisdictional allegations, as long as complete diversity exists. Here, if additional facts are permitted to be adduced, so long as no party is a citizen of Vermont, the Complaint can and should be amended to include them.

Second, the time to show compliance with the order can and should be extended until such time as the Summons and Complaint have been served on Defendant Vox, and Vox responds to it. FRCP 7.1 requires every corporate defendant to identify the citizenship of each and every one of its members. It provides in pertinent part as follows: "(a)(2) In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party...must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party...(A) when the action is filed in or removed to federal court." There should be no doubt that if any such individual or entity is a citizen of Vermont, this Defendant will raise it immediately, prior to engaging in extensive litigation. But Defendant Vox is the only corporate defendant; the allegations regarding the Plaintiff and the individual Defendant are sufficient as they are.

Moreover, it is one thing to burden an LLC *plaintiff* with this pleading obligation, but quite another to place the burden on an individual plaintiff who sues an LLC as a defendant. As the commentary on this issue makes clear, LLC's do not generally disclose the identities and citizenships

of their members. But that cannot be an absolute bar; if it were, LLC's secrecy would immunize them from suit in federal court altogether.

The third point is that the Court can direct limited, targeted jurisdictional discovery sufficient to identify Vox's members and to determine their citizenship so that Plaintiff can meet her burden to establish complete diversity. There is ample case law from this Court which holds that jurisdictional discovery is appropriate, so long as a plaintiff can show the probable existence of sufficient facts to justify the diversity requirement with respect to LLC's. *See, e.g., Caren v. Collins*, 689 F. App'x 75 (2d Cir. 2017); *Stoploss Specialists, LLC v Insured Advoc. Group, LLC*, 2026 US Dist LEXIS 10463 [SDNY Jan. 20, 2026, No. 25-CV-6339 (DEH)]); *Tutor Perini Bldg. Corp. v NY City Regional Ctr., LLC,* 2020 US Dist LEXIS 243523, at *6 [SDNY Dec. 29, 2020])("The Court holds that, between the polar outcomes urged by the parties, a middle ground—granting limited jurisdictional discovery to confirm or disprove the existence of complete diversity—is warranted"); *UDG Mgt., LLC v Ironshore Indem. Corp.*, 2024 US Dist LEXIS 81726 (SDNY May 1, 2024, No. 24-CV-2777 (VEC)), and the cases cited therein.

This action was filed on July 8, 2026, and the Court issued an Order to Show Cause on July 9, 2026, requiring Plaintiff to demonstrate by July 13, 2026 that subject matter jurisdiction exists. The Order explains that for an LLC, citizenship follows each member, and that Plaintiff's pleading did not set forth the citizenship of Vox's members. Plaintiff promptly brings this motion to obtain the limited information uniquely within Defendant's possession that is necessary to respond to the Order to Show Cause, and for time to respond after the information has been obtained.

**<u>Legal Standard</u>**

Of course, a Plaintiff always bears the burden to establish diversity jurisdiction. It is also true that an LLC takes the citizenship of each and every one of its members. But Rule 7.1 requires every such defendant to disclose that information when it responds to the action. Moreover, Courts in the Second Circuit permit jurisdictional discovery when a plaintiff has made a colorable showing that jurisdiction may exist and where the facts needed are in the defendant's control.

**<u>Good-Faith Basis and Need for Limited Discovery</u>**

Plaintiff conducted a reasonable pre-filing investigation, including review of publicly available records and online sources, but the identities and citizenship of all members of Vox Media, LLC are not publicly available or are obscured by layered entity ownership. Based on preliminary online research, Plaintiff has a good-faith, non-frivolous basis to believe that none of Vox Media, LLC's members is a citizen of Vermont, which is Plaintiff's state of citizenship, but acknowledges that this is not definitive and must be confirmed through discovery. Plaintiff therefore seeks narrow discovery solely to identify each member of Vox Media, LLC and to ascertain each member's citizenship as of the filing date, including tracing through any entity members to their ultimate citizenship. This targeted discovery is proportional to the needs of the jurisdictional issue and is the least intrusive means to permit a full response to the Order to Show Cause. And of course if there is any person involved who is found to be a citizen of Vermont, the case will be withdrawn immediately.

**<u>Proposed Narrowly Tailored Jurisdictional Discovery</u>**

Plaintiff proposes the following limited written discovery to be served within three business days of the Court's order, with responses due within fourteen days:

1.    Interrogatory No. 1: Identify each member of Vox Media, LLC as of July 8, 2026, including full legal name and role (individual or entity).

2.    Interrogatory No. 2: For each individual member identified in response to Interrogatory No. 1, state the individual's state of citizenship as of July 8, 2026.

3.    Interrogatory No. 3: For each entity member identified in response to Interrogatory No. 1, identify the entity's form (e.g., corporation, LLC, partnership) and, as applicable, the state of incorporation and principal place of business (for corporations) or, for unincorporated entities, each member (and repeat this disclosure through each tier) and the state of citizenship for each such member, all as of July 8, 2026.

4.    Request for Production No. 1: Produce organizational charts, operating agreements, membership ledgers, capitalization tables, or equivalent records sufficient to identify each member of Vox Media, LLC as of July 8, 2026.

5.    Request for Production No. 2: For each entity member, produce documents sufficient to show the state of incorporation and principal place of business (for corporations) or, for unincorporated entities, documents sufficient to identify each member and the citizenship of each such member as of July 8, 2026.

If written discovery is incomplete or ambiguous, Plaintiff requests leave to take a single, two-hour Rule 30(b)(6) deposition limited to the topics above, to be completed within fourteen days after receipt of written responses.

### Temporary Stay and Extension

To conserve party and judicial resources, Plaintiff respectfully requests a short stay of merits discovery pending completion of the limited jurisdictional discovery and an extension of the current

July 13, 2026 show-cause deadline to two weeks after completion of that discovery or to such other date that the Court may direct.

### **Conclusion**

Plaintiff respectfully requests that the Court either (a) permit the Summonses and Complaint to be served, and reconsider the issue when Defendant Vox Media, LLC has filed its Rule 7.1 Statement, or otherwise (b) grant limited jurisdictional discovery as set forth above, (c) temporarily stay merits discovery pending its completion, and (d) extend Plaintiff's time to respond to the Order to Show Cause as requested.

Dated: New York, New York
      July 13, 2026

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff Barbara Molnar
150 East 56th Street, Suite 12B
New York, NY 10022
212.633.0123
altmanlaw@earthlink.net
www.altmanlaw.nyc